NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————————

No. 14-3801

————————————

UNITED STATES OF AMERICA

v.

JASON GLASS,

Appellant

————————————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 4-11-cr-00107-002)
District Judge: Honorable John E. Jones, III

————————————

Submitted under Third Circuit LAR 34.1(a)
on April 30, 2015

Before: FISHER, HARDIMAN and ROTH, Circuit Judges

(Opinion filed: December 23, 2015)

————————————

OPINION[*]

————————————

ROTH, Circuit Judge

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jason Glass was convicted of assault with a dangerous weapon, in violation of 18 U.S.C. § 113(a)(3), and assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6). He challenges his conviction and sentence. We will affirm both.

## I. Background

On May 17, 2010, Jason Glass and David Reid, inmates at the United States Penitentiary in Lewisburg, Pennsylvania, stabbed another inmate, James Rankin, more than forty times with sharpened pieces of Plexiglas. Glass was convicted by a jury of two counts of assault. He appeals, alleging four errors at trial and sentencing: (1) the Government withheld exculpatory evidence in violation of *Brady v. Maryland*[1]; (2) the District Court improperly excluded expert testimony and (3) written statements; and (4) the District Court failed to give meaningful consideration to required sentencing factors under 18 U.S.C. § 3553(a). Because we write solely for the parties, we recount below only the facts required for resolution of this appeal.

## II. Analysis[2]

### 1. *Brady* Claim

Glass argues the government violated *Brady* by failing to provide the transcript of Rankin's deposition taken in a civil suit that Rankin filed against the Bureau of Prisons following the assault. Over a month before Glass's trial, Glass's attorney asked the government prosecutor for the transcript; several days later, the prosecutor provided information with which Glass's attorney could obtain the transcript. Glass's attorney did

---

[1] 373 U.S. 83, 87 (1963).
[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

not obtain the transcript. After trial and prior to sentencing, Glass filed motions for production of the transcript, alleging a *Brady* violation, and for a new trial on the basis of newly discovered evidence. The District Court denied both motions.

To establish a *Brady* violation, a defendant must show that evidence was (1) suppressed; (2) favorable to the defense; and (3) material to guilt or punishment.[3] Where the motion for a new trial is based on a *Brady* claim, we review the District Court's conclusions of law *de novo* and its findings of fact for clear error.[4]

There is no *Brady* violation here. The government prosecutor was not aware of Rankin's civil suit and deposition until he received a letter from Glass's attorney. Glass argues that the government had constructive knowledge of Rankin's deposition transcript, because the U.S. Attorney's Office handled Glass's prosecution and Rankin's civil case, but *Brady* does not require a prosecutor to learn of information possessed by other government actors that have no involvement in the investigation or prosecution at issue.[5] Glass was not a party to Rankin's suit, the civil division attorney was not involved in the prosecution of Glass, and there is no indication that the civil and criminal divisions "engaged in a joint investigation."[6] Furthermore, the government provided Glass's counsel with the information necessary to obtain the transcript more than a month before Glass's trial. The government has no *Brady* obligation to provide materials a defendant

---

[3] *United States v. Risha*, 445 F.3d 298, 303 (3d Cir. 2006).
[4] *Id.*
[5] *United States v. Merlino*, 349 F.3d 144, 154 (3d Cir. 2003).
[6] *Risha*, 445 F.3d at 304; *see United States v. Pelullo*, 399 F.3d 197, 218 and nn. 22-23 (3d Cir. 2005) (holding that knowledge of prosecution from some department members may not be imputed to entire department).

may "with any reasonable diligence . . . obtain himself."[7] Thus, the District Court did not err in finding that no *Brady* violation occurred and in denying Glass's motion for a new trial.

### 2. Preclusion of Proffered Expert Testimony

Glass argues the District Court erred in preventing Mark Bezy, a retired federal prison warden, from providing expert testimony regarding Glass's mental state in support of his justification defense. Although Bezy was not present during the incident and had never worked at the Lewisburg penitentiary, Glass contends Bezy would have testified that Glass felt he had no choice but to participate in the assault because prison gangs, which Glass perceived protected him, expected Glass to do so.[8] We review the District Court's evidentiary ruling for abuse of discretion.[9] Since an expert in a criminal case "must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense,"[10] Bezy's testimony regarding Glass's mental state was inadmissible and the District Court did not abuse its discretion in excluding Bezy's testimony.

### 3. Exclusion of Written Statements

Glass contends the District Court improperly excluded two letters purportedly written by Reid. The first, signed "Richie 44," states "I stabbed some lame 45 times"

---

[7] *United States v. Starusko*, 729 F.2d 256, 262 (3d Cir. 1984) (internal quotation marks omitted).

[8] *See United States v. Taylor*, 686 F.3d 182, 186 (3d Cir. 2012).

[9] *United States v. Mathis*, 264 F.3d 321, 335 (3d Cir. 2001).

[10] Fed. R. Evid. 704(b).

4

without reference to Rankin, Glass, or the time or place of the incident.[11]  The second, signed "RR," states that the author "will write a <u>statement</u> saying too [sic] my knowledge you were not armed with a knife," and "if you did not help me I would have got you for leaving me hanging!"[12]  The letters were hearsay because they were out-of-court statements offered for the truth of the matters asserted therein.[13]  Although Glass contends the first letter was admissible as a statement by Reid against his penal interest,[14] Glass waived the argument by failing to make an offer of proof.[15]  Moreover, even if exclusion was in error, the error is harmless.[16]  No hearsay exception applied to the second letter, and thus it was inadmissible and the District Court did not abuse its discretion in excluding it.

### 4. Sentencing

Finally, Glass argues the District Court erred in imposing an 84-month term of imprisonment.  We review the District Court's sentencing decision for abuse of discretion and any factual findings on which the decision is based for clear error.[17]  A sentence must be substantively reasonable and imposed in a procedurally fair way.[18]  We insist, as part of our procedural review, that the District Court produce "a record sufficient to

---

[11] A. 1191-1193.

[12] *Id.* at 1196-1200.

[13] "'Hearsay' means a statement that: [sic] (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."  Fed. R. Evid. 801(c).

[14] Fed. R. Evid. 804(b)(3)(B).

[15] Fed. R. Evid. 103(a)(2); *Ne. Women's Ctr., Inc. v. McMonagle*, 868 F.2d 1342, 1352-53 (3d Cir. 1989); *Huff v. White Motor Corp.*, 609 F.2d 286, 290 and n. 2 (7th Cir. 1979).

[16] 28 U.S.C. § 2111; *United States v. Long*, 574 F.2d 761, 765 (3d Cir. 1978).

[17] *United States v. Blackmon*, 557 F.3d 113, 118 (3d Cir. 2009).

[18] *United States v. Levinson*, 543 F.3d 190, 195 (3d Cir. 2008).

demonstrate its rational and meaningful consideration" of the 18 U.S.C. § 3553(a) factors.[19]  The record shows the District Court explicitly accepted the jury verdict, noted Glass's participation in the assault, and acknowledged Reid's sentence as a reflection of his acceptance of responsibility.  The District Court meaningfully considered Glass's arguments regarding § 3553(a) factors.

Glass also argues that the District Court substantively erred by failing to give adequate weight to the § 3553(a) factors.  The District Court was informed by Glass's "very lengthy criminal history," record of prison misconduct, participation in an assault in which the victim was "stabbed over 40 times[,]"[20] and acquittal of the knife charge. Absent any significant procedural error, we must defer to the District Court's determination that the § 3553(a) factors, on a whole, justify the sentence.[21]  In light of the District Court's findings and its grant of a downward variance from the Sentencing Guidelines range, the sentence was reasonable and the District Court did not abuse its discretion.

## III.    Conclusion

Accordingly, for the reasons set forth above, we will affirm the District Court's judgments of conviction and sentence.

---

[19] *United States v. Flores-Mejia,* 759 F.3d 253, 265 (3d Cir. 2014) (en banc).
[20] A. 1182-83.
[21] *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).